11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Lakeshia Griffin

Appellant

Vs.                   Nos.
11-00-00333-CR, 11-00-00334-CR, 11-00-00335-CR, 11-00-00336-CR,

&
11-00-00344-CR B Appeals from Dallas County

State of Texas

Appellee

 

Appellant
pleaded guilty to one charge of murder,[1]
three charges of attempted murder,[2]
and one charge of arson.[3]  The jury assessed punishment at 25 years
confinement for the murder conviction. 
The jury assessed punishment at 20 years confinement for each of the
attempted murder convictions and for the arson conviction.  With respect to the murder conviction,
appellant argues that the trial court erred in failing to include an
instruction on sudden passion.  With
respect to all 5 convictions, appellant argues that: (1) the trial court erred
by denying a challenge for cause of a venireperson and (2) the trial court
erred by admitting hearsay testimony from two witnesses.[4]  We affirm.

                                                                 Background
facts








On the
night of the offenses, appellant was staying in a room at the Circle Inn Motel
in Dallas.  Jerome Patterson, known as AJ.R.@; Robert Winston; and Yvonne Stevens were with appellant in the
room.  Appellant was in love with J.R.
and was unhappy because he had been mistreating her.  Appellant and J.R. had an argument, and appellant observed J.R.
have sex with Stevens.  Appellant told
Winston that she was going to Aburn y=all=s asses up.@  Also, on the same night but prior to
appellant starting the fire, she repeatedly told another resident of the motel
that she would kill J.R. if she caught him with another girl.  

Appellant,
J.R., Stevens, and Winston fell asleep on the same bed in appellant=s motel room.  While the others continued to sleep, appellant awoke and smoked
some crack cocaine.  She then placed two
telephone books and a shirt under the bed, ignited them, and left the room.  The fire burned down a portion of the Circle
Inn Motel and killed Della Washington, who was in another motel room at the
time.  J.R., Stevens, and Winston,
appellant=s intended targets, woke up in time and
escaped. 

                                                                  Sudden
Passion

In her
first point of error, appellant argues that the trial court erred by failing to
instruct the jury on whether appellant caused the death of Washington while
acting Aunder the immediate influence of sudden
passion arising from an adequate cause.@  Sudden passion is passion
directly caused by provocation by the person killed or another acting with the
person killed which arises at the time of the offense and is not solely the
result of earlier provocation.  TEX.
PENAL CODE. ANN. '
19.02(a)(2) (Vernon 1994).  If the
defendant proves by a preponderance of the evidence that a killing was
committed while under the influence of sudden passion arising from adequate
cause, then the offense is reduced to a second-degree felony.  TEX. PENAL CODE ANN. ' 19.02(d) (Vernon 1994).  Any evidence that the defendant acted while
under the influence of sudden passion arising from adequate cause requires the
trial court to submit an issue on this mitigating circumstance to the
jury.  








Appellant=s testimony demonstrates that her actions
were in retaliation to the argument that she had with J.R. earlier that
night.  A sudden passion instruction is
unwarranted when the alleged passion is solely the result of a former
provocation.  McIntosh v. State, 855
S.W.2d 753, 761 (Tex.App. - Dallas 1993, pet=n ref=d). Appellant testified that she got into an
argument with J.R. at about 1:00 a.m. 
Appellant fell asleep after the argument.  At least two hours later, appellant awoke and smoked some crack
cocaine.  Appellant stated that she then
spent some time thinking about things that J.R. had done to her.  When appellant started the fire, at least
two hours had passed since her argument with J.R.  Appellant=s testimony demonstrates that her acts were the result of a former
provocation.  The evidence did not
warrant a sudden passion instruction. 
We overrule appellant=s first point of error. 

                                                               Challenge
for Cause

            In
her second point of error, appellant argues that the trial court erred in
denying her challenge to Venireperson Monohan because Venireperson Monohan
indicated that she could not be fair. 
After learning that Venireperson Monohan had a son enrolled at the
Dallas Police Academy, defense counsel asked Venireperson Monohan if this would
make it difficult for her to consider probation for the defendant.  At first, Venireperson Monohan indicated
that she hoped she could be fair. 
However, when defense counsel rephrased the question and raised the
prospect of retaliation against her son, Venireperson Monohan began to
vacillate.  When defense counsel asked
if in that circumstance she may not be fair and impartial to the defendant,
Venireperson Monohan responded in the affirmative.  At that point, the court told Venireperson Monohan not to let
defense counsel put words in her mouth. 
The trial court asked Venireperson Monohan if she could be fair even
though her son was in the Police Academy. 
When Venireperson Monohan responded that she Awouldn=t  want any repercussion,@ the trial court assured Venireperson Monohan
that it would handle the situation if there were any repercussions.  

A
challenge for cause may be made against a prospective juror if the juror has a
bias or prejudice against the defendant. 
TEX. CODE CRIM. PRO. ANN. art. 35.16(a)(9) (Vernon 1989).  The trial court=s ruling on a challenge for cause should not
be disturbed absent an abuse of discretion. 
Ladd v. State, 3 S.W.3d 547, 559 (Tex.Cr.App.1999), cert. den=d, 529 U.S. 1070 (2000).  The
appellate court must review the record as a whole and determine whether there
is support for the trial court=s ruling and, in doing so, must give deference to the trial court,
which was in a position to actually see and hear the venireperson.  Ladd v. State, supra.  Being in that position allows the trial
court to consider important factors such as demeanor and tone of voice that are
not apparent from a cold appellate record. 
Banda v. State, 890 S.W.2d 42, 54 (Tex.Cr.App.1994), cert. den=d, 515 U.S. 1105 (1995).








We find no
abuse of discretion on the part of the trial court.  The record indicates that 
Venireperson Monohan only began to vacillate when defense counsel
rephrased the question, injecting the prospect of retaliation against her son
if she voted for probation.  Nothing in
the record indicates that Venireperson Monohan had a bias or prejudice against
appellant.  Based on the testimony of
Venireperson Monohan, the trial court reasonably concluded that Venireperson
Monohan could have given appellant probation. 
We overrule appellant=s second point of error. 

                                                                        Hearsay

In her
third and fourth points of error, appellant contends that the trial court erred
by admitting hearsay testimony from two witnesses.  An appellate court reviewing a trial court=s ruling on the admissibility of evidence
utilizes an abuse-of-discretion standard of review.  Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Cr.App.2000). The
appellate court must uphold the trial court=s ruling if it was within the zone of reasonable disagreement.  Weatherred v. State, supra.  Hearsay is a statement other than one made
by the declarant at trial that is offered into evidence to prove the truth of
the matter asserted.  TEX.R.EVID.
801(d).

Winston
testified that he spoke to J.R. about appellant on the night of the fire.  The State then asked if it was fair to say
from the conversation that J.R. was no longer serious about his relationship
with appellant.  Defense counsel=s objection was overruled.  Winston testified, AHe wasn=t, you know what I=m saying, he wasn=t feeling it no more, you know.@  Winston further testified that
J.R. Awas frustrated because he see some things
what were happening.@  

Winston=s testimony regarding his conversation with
J.R. did not constitute hearsay. 
Hearsay is defined as an out-of-court statement offered in court for the
truth of the matters asserted therein, thus Aresting for its value upon the credibility of the out-of-court
asserter.@ 
Barnard v. State, 730 S.W.2d 703, 723 (Tex.Cr.App.1987).  The statements, AHe wasn=t, you know what I=m saying, he wasn=t feeling it no more@ and Awas frustrated because he see some things
what were happening,@ were
not out-of-court statements.  They were
the opinion of Winston, who was testifying. 
Even if Winston=s
testimony did relate to a statement made by J.R., it was admissible as evidence
of J.R.=s then-existing attitude toward
appellant.  TEX.R.EVID. 803(3).








Next,
appellant contends that the testimony of juvenile probation officer Sherry
Smith, regarding a statement made by appellant, was inadmissible hearsay.  Smith testified that appellant threatened to
kill another young woman at a juvenile detention center meeting.  Smith further testified that appellant said
that, Aif she says she=s going to kill somebody, she=s going to do it.  Other people
say they will but they won=t.@ 
Smith=s testimony was admissible and was not
hearsay because it was an admission by a party opponent.  TEX.R.EVID. 801(e)(2)(A).  

Even if
the trial court erred in admitting the statements, the errors were
harmless.  In Goodman v. State, 701
S.W.2d 850, 863-864 (Tex.Cr.App.1985), the court held that hearsay evidence
improperly admitted over objection will constitute reversible error only if
there is a reasonable possibility that the evidence is prejudicial to the
defendant or may have contributed to his conviction.  TEX.R.APP.P. 44.2(b). 
Smith=s testimony revealed nothing about appellant=s personality that was not previously
revealed by the testimony of other witnesses and appellant had already pleaded
guilty to each of the charges.  The  trial court did not abuse its
discretion.  We overrule appellant=s third and fourth points of error.

                                                                This
Court=s Ruling

The
judgments of the trial court are affirmed.

 

TERRY
McCALL

JUSTICE

 

December 6, 2001

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Cause No. 11-00-00344-CR.





[2] Cause Nos.
11-00-00333-CR, 11-00-00334-CR, and 11-00-00335-CR.





[3]Cause No. 11-00-00336-CR.





[4]Appellant=s
brief states that these two points of error are AGermane to All Four Appeals,@
but she does not specify which four appeals. 
Therefore, we will assume that appellant meant for these two points of
error to apply to all five convictions.